**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KOLE VUSHAJ, | |
| Petitioner, | Civil Action No. 13-3690 (DMC) |
| v. | **OPINION** |
| UNITED STATES IMMIGRATION AND CUSTOMS ENFORFCEMENT, et al., | |
| Respondents. | |

**APPEARANCES:**

**KOLE VUSHAJ**, Petitioner *pro se*
#271156/A028-84
E 3 North
Hudson County Correctional Center
35 Hackensack Avenue
Kearny, N.J. 07032

**CAVANAUGH**, District Judge

Petitioner, Kole Vushaj ("Petitioner"), is currently being detained by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") pending his removal from the United States. On or about June 22, 2013, Petitioner filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, in which he challenges his detention as unconstitutional. For the reasons stated below, the petition for habeas relief will be denied.

**I. BACKGROUND**

Petitioner is a native and citizen of Albania. (Pet. 3.) As of February 24, 1988,

Petitioner's status was that of a lawful permanent resident of the United States. (*Id.*) On May 16, 2002, Petitioner was convicted of "false statements, in violation of Title 18, United States Code, § 1001(a)" and was sentenced to six months incarceration. (*Id.*) On November 29, 2004, Petitioner was convicted of conspiracy to commit alien smuggling; transport of aliens for commercial advantage and private gain, for which he received a sentence of 110 months incarceration. (*Id.*) On May 1, 2013, Petitioner was ordered removed from the United States. (*Id.*) On May 13, 2013, Petitioner filed a motion to re-open his case and a request for a stay of removal, however those requests were denied on May 22, 2013. (*Id.* at 3-4.) Petitioner is now seeking his release on his own recognizance from this Court. (*Id.* at 4.)

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of the ICE at the time he filed the Petition, *see Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998), and he asserts that his detention is not statutorily authorized and violates federal law. *See Bonhometre v. Gonzales*, 414 F.3d 442, 445–46 (3d Cir.2005).

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v.*

2

*Scott*, 512 U.S. 849, 856, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004, applicable to § 2241 petitions through Habeas Rule 1(b)).

**B.  Analysis**

The Immigration and Nationality Act authorizes the Attorney General of the United States to issue a warrant for the arrest and detention of an alien pending a decision on whether the alien is to be removed from the United States. *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."); *see also Demore v. Kim*, 538 U.S. 510, 531, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process"). Once an alien's order of removal is final, the Attorney General is required to remove the alien from the United States within a 90–day "removal period." *See* 8 U.S.C. § 1231(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period').").

This 90–day removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). Section 1231(a)(2) requires aliens to be detained during this 90–day

3

removal period. *See* 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien"). However, if the alien is not removed during this 90–day removal period, then the alien may either be released on bond or remain in detention. Section 1231(a)(6) provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

Section 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States ." *Zadvydas v. Davis*, 533 U.S. 678, 689, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). Six months is a presumptively reasonable period of post-removal-period detention under § 1231(a)(6). *See id.* at 701. But to state a claim under § 2241 sufficient to require the Government to respond, the alien must provide in a petition facts showing good reason to believe that there is no significant likelihood of the alien's actual removal in the reasonably foreseeable future:

> After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

4

*Zadvydas*, 533 U.S. at 701.

Thus, an alien must provide in the § 2241 petition good reason to believe removal is not foreseeable before the Government will be required to respond. *See id.*; *see also Barenboy v. Att'y Gen.*, 160 F. App'x 258, 261 n. 2 (3d Cir. 2005) ("Once the six-month period has passed, the burden is on the alien to provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Only then does the burden shift to the Government, which must respond with evidence sufficient to rebut that showing.") (citation, internal quotation marks, and alterations omitted).

This Court finds that the Petition must be denied at this time. Petitioner's order of removal became final on May 31, 2013, when the time for seeking review by the BIA expired.[1] *See* 8 C.F.R. § 1240.15 (an appeal from a decision of an immigration judge to the BIA "shall be filed within 30 calendar days after the mailing of a written decision, the stating of an oral decision, or the service of a summary decision"). Therefore, Petitioner is still within the 90-day removal period during which he must be detained and his petition will be denied without prejudice. *See* 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien"). This dismissal is without prejudice to the filing of a new § 2241 petition (in a new case) after the 90-day removal period and six month "presumptively reasonable" post-removal period have expired, in the event that Petitioner can allege facts showing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.

---

[1] An order of removal becomes "final upon the earlier of-(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B). *See also* 8 C.F.R. § 1241.1; *Giraldo v. Holder*, 654 F.3d 609, 611 (6th Cir. 2011); *United States v. Calderon–Minchola*, 351 F. App'x 610, 611 n. 1 (3d Cir.2009); *Davies v. Hendricks*, 2013 WL 1704867, at *4, n.1 (D.N.J. April 19, 2013).

## III. CONCLUSION

For the reasons stated above, the Petition will be denied without prejudice at this time. An appropriate order follows.

Dated: 7/15/13

_____
DENNIS M. CAVANAUGH
United States District Judge

6